IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LeCHRISTIAN STEPTOE,

                Plaintiff,

                                       Civil Action No.
      v.                                  5:09-CV-1132 (NPM/DEP)

THE CITY OF SYRACUSE and
THE GENESEE GRANDE HOTEL,

                Defendants.

---

APPEARANCES:

FOR PLAINTIFF:                             OF COUNSEL:

LeCHRISTIAN STEPTOE, *Pro Se*
1108 East Genesee Street
Apt. 302
Syracuse New York 13210

FOR DEFENDANT CITY OF
SYRACUSE:

CITY OF SYRACUSE LAW DEPARTMENT    JOSEPH DOYLE, ESQ.
233 East Washington Street
300 City Hall
Syracuse, NY 13202

FOR DEFENDANT THE GENESEE
GRANDE HOTEL:

COSTELLO, COONEY LAW FIRM         ROBERT CONNOLLY, ESQ.
500 Plum Street, Suite 300                 PAUL FERRARA, ESQ.
Syracuse, NY 13204-1401

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Currently pending before the court in connection with this action are cross-motions to compel discovery.  Plaintiff has moved for an order compelling defendants to provide more complete responses to interrogatories and document discovery demands served upon them.  Dkt. Nos. 73, 74.  The defendants have separately moved seeking orders compelling plaintiff to provide more complete responses to interrogatories and document demands served by them as well.  Dkt. Nos. 69, 71.

Oral argument was conducted in connection with the pending motions on February 14, 2011.  At the close of argument all four motions were denied based upon a finding that the parties have not, to the court's satisfaction, engaged in good faith efforts to meet, confer, and resolve their differences as required under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 7.1(d).

Based upon the foregoing and the court's bench decision of February 14, 2011, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)   The pending motions to compel discovery (Dkt. Nos. 69, 71,

73, and 74) are DENIED.

2)   On or before February 25, 2011, plaintiff shall provide defendants, in writing, with a list of names and addresses of all professionals from whom he has received mental health treatment and shall provide written authorizations in sufficient form to permit the defendants' attorneys to obtain copies of records of such treatment.

3)   The deadlines for completion of discovery and the filing of dispositive motions in this case are hereby extended, respectively, until April 29, 2011 and June 30, 2011.

4)   Annexed to this order are guidelines for conducting depositions.  The parties are expected to conduct depositions in this case in accordance with the attached guidelines.

5)   These rulings are without prejudice to the right of the parties to reapply to the court for discovery-related relief, provided that they have conferred in good faith prior to making the request and with the understanding that absent a finding that the position of a losing party was substantially justified or other circumstances make an award of expenses unjust, the party against whom an order compelling discovery is entered will be required to pay the reasonable expenses incurred in making or

opposing the motion, including attorney's fees.

Dated:    February 15, 2011
          Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge

**GUIDELINES FOR DISCOVERY DEPOSITIONS**

(1)     At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

(2)     All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved.  Therefore, those objections need not and shall not be made during the course of deposition.

(3)     Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4)     Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5)     Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6)     Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7)     Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(8)   Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9)   There shall be only one question at a time put to a witness.  Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions.  If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question.  There is to be no characterization or comment by examining counsel as to any answer given by a witness.  Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10)  Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination.  Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question.  Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11)  If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question.  Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12)  Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question.  Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents

except as is necessary to put specific questions to the witness related to such material or documents.

(14)  Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa. 1993).